IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2188-D-BN |
| | § | |
| ADT LLC, | § | |
| | § | |
| Defendant. | § | |

**MAGISTRATE JUDGE'S QUESTIONNAIRE TO THE PLAINTIFF**

Plaintiff Sonya Chapman filed a *pro se* lawsuit alleging employment discrimination against Defendant ADT LLC. *See* Dkt. Nos. 2, 5. Senior United States District Judge Sidney A. Fitzwater referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference. And the Court granted Chapman leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* Dkt. Nos. 3, 6.

To further the Court's screening of her claims, Chapman must answer the following questions in the space provided for answers and may attach additional pages only if necessary. Chapman must also verify the answers under penalty of perjury on the signature line at the conclusion of the questions and return the completed form to the undersigned no later than **November 7, 2022**.

Failure to timely provide complete and verified answers to all questions may result in the dismissal of the complaint for failure to prosecute and obey an order of the Court under Federal Rule of Civil Procedure 41(b).

During the pendency of this action, Chapman must also immediately advise

the Court of any change of address and its effective date. A notice of a change of address shall be captioned "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall contain only information regarding the change of address and its effective date and shall not contain any motion or request for any other relief.

Failure to file a Notice to the Court of Change of Address may also result in the dismissal of the complaint for failure to prosecute and obey an order of the Court under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: October 7, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

**QUESTION NO. 1:** Based on the notice issued by the U.S. Equal Employment Opportunity Commission (the EEOC) attached to your complaint, it appears that you may have submitted the employment claims that you are asserting in this suit in a complaint to the EEOC or an equivalent state agency.

If so, please attach a copy of the following:

a) all complaints that you submitted to the EEOC or the state agency alleging discriminatory action(s);

b) all documents that you submitted to the EEOC or the state agency related to your complaint;

c) all letters from the EEOC or the state agency notifying you of your right to file suit; and

d) all other correspondence sent to you by the EEOC or the state agency related to the claims in the complaint you have filed in this lawsuit.

**ANSWER:**

**QUESTION NO. 2:** When did you submit your claims to the EEOC or the equivalent state agency?

**ANSWER:**

## VERIFICATION

STATE OF TEXAS                §
                              §   No. 3:22-cv-2188-D-BN
COUNTY OF _____     §

I understand that a false statement or answer to any interrogatories in this cause of action will subject me to penalties for perjury. I declare (or certify, verify or state) under penalty of perjury that the foregoing answers are true and correct (28 U.S.C. § 1746).

SIGNED on this _____ day of _____, 2022.

                                            _____
                                            Sonya Chapman, Plaintiff