IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2188-D-BN |
| | § | |
| ADT LLC, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF DEFICIENCY AND ORDER
## REQUIRING AMENDED COMPLAINT

Plaintiff Sonya Chapman initiated this lawsuit against Defendant ADT LLC by filing a *pro se* Motion to File Civil Claim, attached to which is a handwritten one-page complaint and a Determination and Notice of Rights issued by the U.S. Equal Employment Opportunity Commission on September 1, 2022. *See* Dkt. No. 2. Chapman then filed a Supplemental Initial Complaint. *See* Dkt. No. 5.

Senior United States District Judge Sidney A. Fitzwater referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

And the Court has granted Chapman leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* Dkt. Nos. 3, 6.

Chapman alleges that ADT "malicious intentionally wrongfully terminated [her] employment March 2022 discriminatorily due to her age, race, and sex." Dkt. No. 5 at 3. And, while Chapman alleges some facts and concludes that she meets the four requirements to allege a prime facie case of employment discrimination, *see id.*

at 3-4, she so far has not pled a plausible prima facie case by alleging facts to support each element she concludes she meets.

The Court therefore NOTIFIES Chapman that, to allow this lawsuit to go forward, she must amend her allegations consistent with the standards set out below, ORDERS Chapman to file an amended complaint no later than **November 7, 2022**, and WARNS her that, if she does not, the undersigned will recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) and/or Federal Rule of Civil Procedure 41(b).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

And, to survive dismissal, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim

for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

Put differently, plaintiffs, through the complaint, must provide the Court enough factual content to demonstrate an entitlement to relief. *Compare Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *with Robbins*, 519 F.3d at 1247 ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

And, because Chapman asserts claims in the employment context, to allege (and ultimately prove) such claims, she may either rely on direct evidence or proceed under a burden-shifting analysis.

"'[D]irect evidence is rare'" – it has been defined "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Id.* (footnote omitted).

Insofar as Chapman's claims do not implicate direct evidence, she must

proceed under a burden-shifting analysis, the first step of which is to articulate a prima facie case as to each cause of action.

The prima facie elements of an employment discrimination claim under Title VII are that a plaintiff

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

A plaintiff need not establish a prima facie case to survive judicial screening under Section 1915(e)(2)(B). *Cf. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of [her] claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) ("*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)).

So, under Section 1915(e)(2)(B)(ii), the Court must ask whether Chapman has provided enough facts to allege an actionable claim of discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if she "has not pled such facts," it is "proper[ to] dismiss [the] complaint." *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify

the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Failure to timely follow the directions in this order subjects this lawsuit to dismissal under Section 1915(e)(2)(B) and Rule 41(b).

SO ORDERED.

DATED: October 7, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE