In the United States District Court for the Northern District of Texas

Dallas Division

2022 NOV 17 PM 2:59

DEPUTY CLERK____ **MS**

| | | |
|---|---|---|
| Sonya L. Chapman | § | |
| Plaintiff | § | |
| V. | § | No. 3:22-cv-2188-D-BN |
| | § | |
| ADT LLC et seq | § | |
| Defendant | § | |
| | § | |

### Plaintiff's Amended Complaint

### I.

### Introduction

Sonya L. Chapman files this Amended Complaint against ADT LLC and its subsidiaries (Defendant). Plaintiff hereby files this suit pursuant to 28 USC 1331, 29 USC 623, 3001, 29 USC 2701, 29 CFR Chapter 4, 10th Amendment Bill of Rights, 14th Amendment Due Process Clause, 42 USC 2000e Title VII Civil Rights Act of 1964, 42 USC 1981, 42 USC 1983.

### II.

### Discovery Control Plan

1. Plaintiff intends to conduct discovery under Levels 1, 2, and 3 of Texas Rule of Civil Procedure 190.2, 190.3, and 190.4.

### III.

### Parties

1. Plaintiff is an individual and a citizen of Dallas County Texas.

2. Defendant is a limited liability company organized under the laws of the state of

Delaware with its principle place of business located at 1501 Yamato Rd. Boca Raton, Fl 33431.

## IV.

### Jurisdiction

3. The Court has jurisdiction over this action because the amount in controversy is within the jurisdictional limits of the Court, exclusive of interest and costs.

## V.

### VENUE

4. Venue is proper in Dallas County because all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas County.[1]

## VI.

### BACKGROUND FACTS

5. Plaintiff was an employee for Defendant from January 2021 until March 7, 2022.

6. In January 2022 Plaintiff began training for a new position Regional Support Specialist in which she was qualified for the new position. (Exhibit 1)

7. Plaintiff attempted to perform her job duties during training but Defendant refused to properly train Plaintiff consequently undermining the work Plaintiff did.

8. Plaintiff was punished for note taking during training, asked to use the trainers notes instead, and punished for using leisure time to go over material pertaining to the job.

9. Plaintiff attempted to fulfill her employment duties after complaints to Defendant about Defendant's refusal to move Plaintiff to another position after Defendant determined Plaintiff was unable to perform the duties of the new position. Defendant took no steps to prevent or rectify the behavior.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

10. Defendants refused to train Plaintiff demanding Plaintiff to "figure it out". (Exhibit 2)

11. Plaintiff received reprimands for performance and behavior while in training resulting in termination. (Exhibit 3)

12. Defendants in their corrective action published that Plaintiff "behavior impacted her performance to be on pace with her peers", "the mentor had to cover the workload…, "the other RSS install agent took on work from market 632/674", and in (Exhibit 8), a mentor says in the chat "usually when the chat is mixed you all just take the next one in line", meaning that we share in responsibilities.

13. Plaintiff contends that it is clear and convincing as evidenced including but not limited to Defendants corrective action publication, chat communication of training activity of other similarly situated employees the Defendants acts and or omission was disparate, differential treatment with a disparate impact on Plaintiff' employment.

14. Plaintiff contends that same or similarly situated employees had questions regarding job duties, job functions, and these same employees were not ostracized, and excluded from employment during training. (Exhibit 8 3.4.22, 3.7.22)

15. In March 2022, Plaintiff asked to be transferred to a different position as an alternative to termination. (Exhibit 4)

16. Plaintiff applied for multiple jobs Defendant posted, but Defendant refused to hire Plaintiff for those positions even though Plaintiff is qualified for those positions. (Exhibit 5)

17. Defendants refused to allow Plaintiff to remain employed at any position.

18. Because Defendant placed reprimands in Plaintiffs file, Plaintiff was not eligible for a different position or rehire.

19.     Plaintiffs working conditions were a hostile, retaliatory, discriminatory atmosphere.

20.     Defendants intentionally treated Plaintiff differently than her peers, who were younger, of a different race, and color than Plaintiff, male, and as implied by Defendant's actions and comments more subservient than Plaintiff. (Exhibit 4)

21.     Plaintiff contends it is the intent of Congress including but not limited to, through and by the Labor Code to assist individuals over the age of 40 years of age, with disabilities, persons of color, and female stable employment, comprehensive training, and protection of these laws.

22.     Plaintiff contends Defendant knew or should have known that Plaintiff is in a protected class and that their actions violated protection of this protected class by discriminating against Plaintiff due to her race, age, and sex.

23.     Defendant right to employment at will does not provide protection for discrimination based on race, age, sex, defamation, violation of an employee's right to freedom of speech, disparate treatment, disparate impact, wrongful termination, retaliation, and wrongful discharge.

24.     Defendants are the direct and or proximate cause of Plaintiffs injury, and but for Defendant's actions Plaintiff would not have suffered injury caused by Defendant.

## VII.

### CONDITIONS PRECEDENT

25.    Plaintiff filed the attached Charge of Discrimination with the Equal Employment Opportunity Commission.

26.    The Charge was filed within 180 days after Plaintiff was terminated.

27.    More than 180 days have passed since the Charge was filed and an attached Notice of Right to Sue letter was issued.

28.    Plaintiff has timely exhausted all of her administrative remedies.

## VIII

### CAUSES OF ACTION

**A.    Cause of Action— Discrimination—Disparate Impact—TCHRA[2], 29 CFR 1607.11 Disparate Treatment [3]**

**(i).    Plaintiff is a member of a protected class.**

**(ii).    Plaintiff applied for job.**

**(iii).    Application was rejected.**

**(iv).    The position remained open after the rejection.**

29.    Plaintiff incorporates each of the foregoing paragraphs.

30.    Plaintiff is a 54-year old female and the eldest person of color present at the time of the incidence.

31.    Plaintiff has the qualifications for the job.

32.    Defendant's rejected Plaintiff despite her qualification.

---

[2] Texas Commission on Human Rights Act.

[3] 29 CFR 1607.11 Disparate Treatment

33.     Defendants continued to hire and look for other applicants with Plaintiffs qualifications.

34.     Plaintiff is denied the same employment, training, promotion, opportunity, available to other employees or applicants.

35.     Defendant intentionally treated Plaintiff less favorable than other similarly situated individuals because of her race, age, and sex.

36.     Defendants knew or should have known that Plaintiff is in a protected class due to her race, age, and sex, and that persons of age could have disabilities due to their age, and are not required to disclose their disability.

37.     Defendants continued to hinder Plaintiffs training by refusing to allow Plaintiff to interact during training, such as ask questions, Plaintiff was reprimanded and retaliated against for taking notes during the training forcing Plaintiff to rely on the trainer's instruction alone at times.

38.     Plaintiff had to be persistent in order to make notes during the training by including the trainer in what notes were being taken by Plaintiff taking caution to not dissatisfy the trainer regarding the notes being taken. (Please see attached USB-Audio-20220224-Day4OJT).

39.     Plaintiff contends same and similarly situated employees received different treatment, and had same and or similar questions and concerns during training and were not terminated based on performance. (Exhibit 8)

40.     Plaintiff contends some questions and concerns other training class co-workers had during training, Plaintiff did not have due to her previous position as scheduler with same and similar duties.

41.     Plaintiff contends she did not have the same questions due to her repeated review of the job duty with the trainers and had resolved questions and concerns of the many functions regarding the particular job duty and this was due to the nature of the work requirement to work independently. (Exhibit 8)

42.     Plaintiff contends both her previous position and position she was terminated from have requirements to be able to work independently, and that she met the requirement for both positions as the previous position was support for the current position complained of, and support of Plaintiffs qualification for the position complained of.

43.     Plaintiff shadowed the role of Regional Support Specialist prior to applying for the role. Plaintiff contends Defendants knowing, intentionally, wrongfully terminated her position due to discrimination based on race, age, and sex and with intent to deprive her of a right to employment.

44.     Defendant's performance reason for their indifferent treatment to Plaintiff are discriminatory in nature. (Exhibit 8)

45.     Plaintiff contends it was not that she was not learning, but practicing what she had learned was the issue with any performance issues she may have had.

46.     Defendants wrote false disciplinary actions against Plaintiff. (Exhibit 3)

47.     Plaintiff would not have suffered injury but for Defendants intentional acts, and or omission and are the cause of Plaintiffs injury.

48.     Defendant's actions violated section 21.051 of the Texas Labor Code, TCHRA, 42 USC 1981, Title VII Civil Rights Act of 1964, and 29 USC § 623(c), and Fair Employment Act.

**B.      Cause of Action—Disparate Impact—Disparate Treatment—— TCHRA, Title VII[4]**

49.     Plaintiff incorporates each of the foregoing paragraphs.

50.     Plaintiff is a female, over age 40, and person of color.

51.     Plaintiff accepted an offer of permanent employment.

Plaintiff suffered adverse action, treatment. Plaintiff was the only female, over age 40, person of color, a temporary employee in the group promoted to a permanent position and subsequently terminated during training.

52.     Defendants continued to hire and look for other applicants with Plaintiffs qualifications.

53.     Plaintiff while working was attentive, met performance metrics taking 60-120 calls per day, had great attendance, positive attitude, hard-working, invested, approachable, and a partner to the company.

54.     Plaintiff has the education and work experience to perform all of the related job tasks. Plaintiff began telephone sales/telemarketing in 1986 at 18 years of age, customer service in restaurant business in 1983 at 15 years of age, grocery business in 1984 at 16 years of age, first computer training school in 1987 at 18 years of age. (Exhibit 6)

55.     Plaintiff has computer training since 1987 in how to operate a computer and subsequent continued computer training since 1987 until present.

56.     Plaintiff has worked steadily in a call center environment since November 2017, where she had to perform same and similar job duties related to the position with Defendants.

57.     Plaintiff contends Defendants in their corrective action state Plaintiff's "behaviors impacted her performance to be on pace with the class".

---

[4] Title VII Civil Rights Act

58.     Plaintiff contends Defendant's in their right to terminate employment at will does not include their right to defame Plaintiff in their corrective action publication, that Plaintiff "step away to avoid reviews, that Plaintiff "has a habit logging back from payroll and saying nothing, after repeated calling she will unmute after a few minutes and say yes". (Exhibit 4)

59.     Plaintiff contends Defendants reason for terminating Plaintiff that she could not perform the job duties are a disputed material fact, and whether Defendant training manager Ashley Merrick whom terminated Plaintiff did or did not witness Plaintiffs behavior in which she was terminated for is a disputed fact which Plaintiff complains of.

60.     Defendant's employment practice of offering employment to employees of a less dominant personality for hire into an already management workforce with more dominant personalities for purposes of training and development to later communicate/impart essential, fundamentally intimidating, oppressive treatment has a disparate impact.

61.     Defendant's conspired to deprive Plaintiff of her due process, inalienable right to life, liberty, and the pursuit of happiness. Plaintiff contends civil conspiracy took place in that a combination of two or more persons for the purpose of injuring Plaintiff resulting in special damages.

62.     Plaintiff contends Defendants intentionally committed the unlawful act of conspiring to injure Plaintiff by terminating her, by making defamatory statements in their corrective action publication to make it look like their reason for terminating Plaintiff was lawful.

63.     Plaintiff contends that Defendants knowingly, intentionally, willfully, and maliciously knew that their corrective action publication is not a correct assessment of Plaintiffs abilities to perform her work duties.

64.     Plaintiff contends that Defendants knowingly, intentionally, willfully, and maliciously knew or should have known that their publication was false regarding Plaintiffs avoiding review, and directly and or indirectly stealing time.

65.     Plaintiff contends Defendants defamatory publication is not supported by Plaintiffs previous reviews just prior to her promotion to the RSS role, and is just cause to avoid summary judgment in favor of Defendants, and a material fact to be disputed avoiding summary judgment.

66.     Plaintiff contends Defendants knowingly, intentionally, willfully, and maliciously, conspired to terminate her for reason of causing her harm.

67.     Plaintiff contends discrimination is a pretext for Defendant's action.

68.     Plaintiff contends her age was used by Defendants as a pretext for discrimination in that she was unable to perform the job duties, due to her abilities as a person over the age of 40 years of age, and that all other training class employees of her same race were younger, not of the same color.

69.     Plaintiff contends her sex is a pretext for Plaintiffs discrimination, and that there are no female employees for Defendants of Plaintiffs same race, and age in the training class that was similarly treated, and or terminated during training.

70.     Plaintiff contends that Defendants used her race as a pretext for discrimination, in that all other training class employees were not of the same color as Plaintiff.

71.     Plaintiffs contends Defendants knowingly, intentionally, willfully, and maliciously made defamatory comments that were untrue to cause Plaintiff harm.

72.     Plaintiff contends Defendants knowingly, intentionally, willfully and maliciously committed more than one unlawful act while terminating Plaintiff.

73.     Plaintiff contends that civil conspiracy to terminate Plaintiff is different from Defendants defamation corrective action publications, different from Defendant's reason given for terminating Plaintiff as at will, different from wrongful termination, different from discrimination based on race, age, and sex, and that all of the above mentioned are causes of action in this civil claim.

74.     Defendants acts and or omissions proximately caused Plaintiff damages, and but for Defendant's acts and or omissions Plaintiff would not have suffered injury.

75.     Plaintiff position with Defendant was a work at home position, which prevented Plaintiff from the danger of traveling in busy traffic, road rage, wear and tear to Plaintiffs vehicle, prevented Plaintiff from the expense of fuel to travel to and from work, Plaintiff had to retain new employment, new training skills for new position had to be achieved. Plaintiff' work environment changed from work at home to an in-office call center environment, where there are new challenges of working in an in-office call center environment. The two are not comparable positions in relation to work environments, and compensation.

76.     Plaintiff was forced to accept a lower paying position.

77.     Plaintiff contends termination of her employment by Defendant is significant in that her earnings were substantially greater than any of her previous employment earnings

78.     Plaintiff made notes throughout her tenure which assisted her as well as colleagues to be more efficient.

79.     Plaintiff was often thanked by members of the sales team, technicians, service and install coordinators for her support, hard-work and diligence. (Exhibit 7).

80.     Plaintiff during her tenure frequently assisted colleagues with processes, both colleagues with more and less seniority than Plaintiff. (Exhibit 7).

81. Defendant's arbitrarily and unreasonably required Plaintiff to perform work duties during a training period as those of an experienced employee working the same position per Defendants statement during recorded audio. (Exhibit 4)

82. Defendant's expectations of the Plaintiff during training per the Defendants reason for termination were unreasonable as Defendants did not allow Plaintiff to work the position and was not the "best estimate of anticipated experience".

83. Defendant's made mention of Plaintiff use of the word "Unfortunately" in the corrective action setting off the customer, Defendant's made use of the same word when terminating Plaintiff saying it was "Unfortunate".

84. Defendants used unfortunate in one of the scripts provided to employees used to respond to customers.

85. Defendants used double standards when evaluating Plaintiff performance during training, as Defendant's were including but not limited to unprofessional in their treatment of Plaintiff.

86. Defendants state Plaintiffs employment is at will, and termination is a business necessity, Defendants "reason for its decision is unworthy of belief".

87. "Defendants practice or policy in question has not demonstrated that terminating Plaintiff during training has a demonstrable relationship to the requirements of the job, the business necessity defense".

88. Plaintiff contends Defendant have a duty to train and develop Plaintiff as an employee, and this requirement is not equivalent to at will employment, and is protected under due process, and anti-discrimination laws.

## C.   Cause of Action—Age Discrimination——TCHRA[5]

89.   Plaintiff incorporates each of the foregoing paragraphs.

90.   Plaintiff is a member of a protected class 40 years and older.

91.   Plaintiff is qualified for the position; Plaintiff worked a previous position for 12 months with similar duties while working for Defendants. Plaintiff suffered a final, adverse employment action.

92.   Plaintiff was replaced by someone younger.

93.   Plaintiff was treated less favorable than others who were similarly situated, including persons of color, persons of a different race, and persons under the age of 40 years that were part of the same training class as Plaintiff.

94.   Plaintiff was the only female, person of color, over age 40 that received corrective action and terminated during the training process.

95.   Defendants punished Plaintiff for exercising her right to employment training, right to take notes during training, right to be treated fairly, and that but for Defendants actions Plaintiff would have no injury.

96.   Defendants refused to provide necessary lawful indiscriminatory training for new position to Plaintiff.

97.   Plaintiff was the only female, over age 40, and person of color terminated during training.

98.   Plaintiff has no recourse but Defendants Human Resource Department, who are responsible for the actions complained of in this complaint.

---

[5] Texas Commission on Human Rights Act.

99.     Plaintiff would not have suffered injury but for Defendants intentional acts and or omissions.

100.    Defendant's actions including but not limited to violated section 21.051 of the Texas Labor Code, TCHRA, 42 USC 1981, Title VII Civil Rights Act of 1964, and 29 USC § 623(c).

**D.    Cause of Action—Hostile Work environment, Harassment, Retaliation Race Discrimination—TCHRA[6], [7] Title VII Civil Rights Act 1964, 42 USC 2000 (e), 14th Amendment, 18 USC 1001[8]**

101.    Plaintiff incorporates each of the foregoing paragraphs.

102.    Defendant discriminated against Plaintiff because of Plaintiff' race, age, and sex.

103.    Plaintiff is a female, over age 40, and a person of color.

104.    Defendants made written and verbal untrue statements that Plaintiff abandoned her employment while punched in to avoid performance reviews of her work. (Exhibit 3)

105.    Defendants "willfully" made a false statement with intent to deceive, a design to induce belief in the falsity, or to mislead.

106.    Defendants "made a conscious effort to avoid learning the truth, and is a material misrepresentation of the truth".[9]

107.    Defendants neglected to train Plaintiff telling Plaintiff to "figure it out" when questions arose during periods of training.

108.    Defendants knew or should have known their actions were discriminatory, intentional, and unlawful.

---

[6] Texas Commission on Human Rights Act.

[7] Title VII, 42USC 2000e, 42 USC 1981, 29 USC§ 623(c), 14th Amendment

[8] 18 USC § 1001

[9] United States v. Clearfield, 358 F. Supp. 564, 574

109.   Plaintiff would not have suffered injury but for Defendants acts and or omissions.

110.   Defendant's actions including but not limited to violated section 21.051 of the Texas Labor Code, TCHRA, 42 USC 1981, Title VII Civil Rights Act of 1964, 29 USC § 623(c), and 42 USC 2000(e) .

## E.   Cause of Action—Wrongful Termination—Constructive Discharge Discrimination—TCHRA

111.   Plaintiff incorporates each of the foregoing paragraphs.

112.   Defendant terminated Plaintiff's employment as a constructive discharge due to race, age, and sex.

113.   Defendants refused to offer Plaintiff fair training, and that Plaintiff, "figure it out", during training. (Exhibit 2)

114.   Plaintiff is not responsible for the training process, and has no recourse for the actions of Defendants during training, due to Defendant's not having a process to resolve issues during training such as one's complained of in this complaint.

115.   Plaintiff made inquiries to Defendants into options regarding the issues during training, and Defendant's did not offer any remedies. Plaintiff made audio recordings of the training staff actions towards her during training in support of adverse actions towards Plaintiff.

116.   Defendants intentionally labeled Plaintiff throughout the entire training period by isolating Plaintiff, refusing to allow Plaintiff to participate by not calling on Plaintiff with raised hands during question answer portions of the training.

117.   Defendants' expectations of the job performance during the training period were unreasonable.

118.   Plaintiff has the necessary experience and skills to perform the job tasks; Plaintiff performed similar job-related tasks for Defendant previously for over 12 months, yet Defendants

discriminatorily picked the most desired employees in the training class, causing disparate impact towards Plaintiff.

119.   Plaintiff contends Defendants in their corrective action lists "no improvements between interactions with customers and technicians", "Sonya will often look past the support and continue to struggle with the task at hand", "Sonya insists to do it her way and does not apply the feedback given from the training team". Not being able to apply the feedback/coaching has hindered Sonya from improving with her performance".

120.   Plaintiff contends she worked with the same Technicians, same customers, same co-workers in the same department for the previous twelve (12) months without incident.

121.   Defendant's termination of Plaintiff is, "suspicious timing", in which Plaintiff contends Defendants intentionally denied Plaintiff employment for reasons other than Plaintiffs performance and conduct.

122.   Plaintiff contends she rightly so is qualified for the position, completed the first training, met the requirements of the training by not missing any days of training, being on time, successfully completed the training, and that the training for the position complained of, she met the same requirements, and Defendants wrongfully terminated her due to her performance, and behavior.

123.   Defendants in their corrective action dated 2/28/2022 published "Sonya Chapman has made tremendous improvements with her behavior, but she is still behind where she needs to be with the policies and procedures".

124.   Defendants reason for terminating Plaintiff is doubtful, untrustworthy, and misleading as Plaintiff worked in a position with similar duties, using the exact same applications for 12 months prior.

125.     Plaintiff contends there were approximately four new applications introduced in the new role that Plaintiff had not trained on, but are similar in practice and function to other applications previously used in previous position with Defendants.

126.     Plaintiff contends that discovery is needed to further material evidence complained of in this amended complaint.

127.     Plaintiff contends the new position was possibly an internal position that was not publicly offered at the time, but is now offered publicly all to discriminatorily deny Plaintiff employment saying the position is not offered publicly and that it is not available but internally.

128.     Plaintiff was not allowed the opportunity to even practice the newly introduced job duties in full. Plaintiff was only allowed to practice in part a portion of the newly introduced job duties will on the job training with a mentor.

129.     Plaintiff prior to applying for the position which she was terminated consulted with management as to whether they felt Plaintiff had the experience needed for the job and was told yes.

130.     Plaintiff then after training for a period of 4 months in preparation to apply for the Regional Support Specialist role then applied and was hired.

131.     Normal practice in customer service, support specialist roles is to allow the employee to build their new skills of the position by practice, trial and error. Plaintiff performance reviews were exceeded expectations and the new position was an extension of the same duties. Plaintiff went in to the new position with experience performing the same duties.

132.     Defendants' actions are subjective in nature, and violates Plaintiffs due process right to employment, life, liberty, and property. Defendants did not allow any due process regarding Plaintiffs termination.

133.     Plaintiff asked Plaintiff if there was an appeal process, and Defendants responded no, Plaintiff was not allowed a hearing and or any process to refute her termination.

134.     Defendants used Plaintiffs behavioral issues as the reason for terminating Plaintiff, coupled with the right to terminate Plaintiff at will, and business necessity.

135.     Defendants limited Plaintiffs ability to speak during training, to ask questions, limited Plaintiff opportunity to give feedback, and retaliated against Plaintiff when doing so by undermining Plaintiffs performance during training.

136.     Defendants wrote false disciplinary actions against Plaintiff during the last training period when Plaintiff has exceeded expectations performance reviews, and excellent attendance in her previous position.

137.     Defendants were hostile towards Plaintiff during both training periods 2021 and 2022, forcing Plaintiff to ask Defendants to go over what she lacked at the end of the remaining training days in March 2022, the training staff gave poor performance reviews without going over ways to improve.

138.     Defendants bullied Plaintiff throughout the entire training period while displaying mob like, discriminatory treatment.

139.     Defendants hostile work environment escalated and manifested by a series of harassing acts.

140.     Plaintiff is a minority female over age forty working in a position primarily assigned to younger employees stastically. https://www.zippia.com/customer-service-representative-jobs/demographics/; https://www.bls.gov/careeroutlook/2018/article/customer-service.htm#:~:text=Lots%20of%20jobs%20involve%20customer,of%20Labor%20Statistics%20(BLS)

141.    Plaintiff was subject to unwelcome harassment, the harassment was based on Plaintiffs race, age, and sex, the harassment was severe and pervasive so as to alter the conditions of Plaintiffs work environment by creating a hostile and abusive situation, there is a basis for employer liability.

142.    Defendant's actions including but not limited to violated section 21.051 of the Texas Labor Code; Title VII, TCHRA, 42 USC 1981, 29 USC § 623(c), 42 USC 2000(e), 14th Amendment[10]

## F.    Cause of Action—Unlawful Retaliation—TCHRA

143.    Plaintiff incorporates each of the foregoing paragraphs.

144.    Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

145.    In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

146.    Defendant's actions violated section 21.055 of the Texas Labor Code.

## G.    Cause of Action— Intentional Infliction of Emotional Distress

147.    Plaintiff incorporates each of the foregoing paragraphs.

148.    Defendant knowingly, intentionally, willfully, and maliciously repeatedly acted without regard to the outcome of their actions, and harm caused to Plaintiff.

149.    Defendants conduct was outrageous.

150.    Defendants conduct is the cause of Plaintiffs severe emotional distress.

---

[10] Title VII; TCHRA, 42 USC 1981, Title VII Civil Rights Act of 1964. and 29 USC § 623(c), and 42 USC 2000(e), 14th Amendment.

151.     Plaintiff is caused harm by Defendants acts and or omission of acts by being forced to work a different position by terminating her employment, causing more stress, and anxiety, forcing her to work part-time hours earning less in income.

152.     Plaintiff contends it takes time to build experience/seniority at a work position, and due to the stress and anxiety caused by Defendants actions she has difficulty obtaining experience/seniority at her new current position. Plaintiff contends she has to start over, building experience/seniority learning a new position, becoming thoroughly, everything Plaintiff is capable of, achieving maximum productivity with minimal wasted effort or expense ie., 100 percent, is delayed to the extent she works less than full time hours and could possibly delay her achievement at her new position, thus causing further harm.

153.     Plaintiff contends she worked full-time hours in her position with Defendants and was dedicated to learning and performing well. Plaintiff contends she performed above what was expected of her regarding learning and performance. Plaintiff contends she was dedicated to learn more in her previous role with Defendants by consulting with team leads, colleagues, management, by taking notes, which better suited her for the position of Regional Support Specialist. (Exhibit Notes Compliment)

154.     Plaintiff contends to be efficient in her position as well as any position ie., working in a well and organized competent way she must learn and know related tasks to best perform her duties, in which Plaintiff took many, many, notes and reached out to other colleagues for support as the scenarios were ever changing, and not all colleagues had the same skill level, also there were constant known and unknown changes to policy and procedures.

G.      **Cause of Action— Unfair Advantage, Absolute Advantage, Unfair Disadvantage, Breach of Contract**

155.    Plaintiff incorporates each of the foregoing paragraphs.

156.    Plaintiff has reasonable expectation of entering into a valid business, employer, employee relationship.

157.    The Defendants had knowledge of Plaintiffs expectancy by Plaintiff's acceptance of Defendant's offer of employment, and attending on the job training.

158.    Defendant intentionally, willfully, and knowingly interfered with Plaintiffs legitimate expectancy from ripening into a valid business, employer, employee relationship; and

159.    Caused damages to Plaintiff resulting from such interference.

160.    Defendants in their statement called Plaintiff a partner, and Defendants Code of Conduct call employees Team members, and states Defendant are "committed to equal employment opportunity and do our best work in an environment where all team members feel valued, included, and recognized". (Exhibit 4) (Exhibit 9)

161.    Defendants prevented Plaintiff from practicing what she learned during training by terminating her employment. Defendants allowed Plaintiff to work the previous position after training in which was a position with lower pay with a temporary contract of employment.

162.    Plaintiff contends that Defendants have an absolute advantage, unfair advantage to terminate Plaintiffs employment by employment at will, consequently interference with prospective economic advantage in employment relationship.

163.    Defendants unfair advantage, absolute advantage, competitive advantage include but not limited to Defendants hiring and terminating Plaintiff at will, making false statements to defame Plaintiff when terminating her, Defendants advantage to compete in that it limited

Plaintiffs ability to remain employed as she was qualified and Defendants unfairly used their absolute advantage to terminate Plaintiff.

164.    Defendants were unjustly enriched and benefited from undue influence, including but not limited to absolute advantage, and unfair advantage.

165.    Plaintiff contends she had an expectation of continued employment.

166.    Defendants breached the contractual relationship by terminating Plaintiff during training.

167.    Defendants offered a contract of employment, Plaintiff accepted, Defendants included Plaintiff as a team member in the Code of Conduct, also by calling Plaintiff a partner in a conversation had with the training manager Ashley Merrick, and assuring Plaintiff if she met the requirements of the training class, being present, on time, no absences for the training, attentive, and graduating she would have employment.

168.    Plaintiff did graduate the training class.

169.    Plaintiff performed as contractually required.

170.    Defendants breached the contract by failing to tender /perform as required.

171.    Plaintiff suffered injury due to the breach. Plaintiff suffered loss of income, emotional distress, pain and suffering, damages caused to professional reputation, damages economic and non-economic.

## H.    Cause of Action— Defamation, Libel and Slander

172.    Plaintiff incorporates each of the foregoing paragraphs.

173.    Defendants made a publication of a false statement of fact to a third party

174.    The publication was defamatory concerning Plaintiff.

175.    Defendants are at fault.

176. Defendants caused harm resulting in damages including but not limited to Plaintiff professional reputation.

177. Plaintiff was terminated by final written on March 7, 2022.

178. Defendant's made false statements of fact in their statements that Plaintiff stole time, abandoned her employment, was unprofessional at her employment to customers and fellow co-workers.

179. Plaintiff made publication of Defendants false statements to the EEOC, and to this Court.

180. Plaintiff suffered injury to her reputation, character, professional reference and background due to Defendants false statements.

181. Defendants made oral and written false statements.

182. Defendants' false statements prevented Plaintiff from applying for posted positions by Defendant.

## IX.

### DAMAGES

183. Plaintiff incorporates each of the foregoing paragraphs.

184. Defendants' actions violated the TCHRA, which entitles Plaintiff to recover from Defendants back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

185.     Because Defendants' actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendants punitive damages. 42 USC 1981(a)[11]

186.     Plaintiff seeks all damages available to her under the TCHRA; Title VII, 42 USC 1981, Title VII Civil Rights Act of 1964, 29 USC § 623(c), 42 USC 2000(e), 14th Amendment[12]

## X.

### ATTORNEYS' FEES AND COSTS

187.     Plaintiff incorporates each of the foregoing paragraphs.

188.     Plaintiff retained the services of undersigned counsel to prosecute her claims.

**189.**     Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendants including reasonable expert fees; **provided, Plaintiff seeks a final judgment, exclusive of interest and costs.**

## XI.

### INJUNCTIVE AND DECLARATORY RELIEF

190.     Plaintiff incorporates each of the foregoing paragraphs.

191.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

      a.     Prohibiting Defendant from engaging in unlawful discrimination;

      b.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      c.     Paying court costs;

---

[11] 42 USC 1981(a)

[12] Title VII; TCHRA, 42 USC 1981, Title VII Civil Rights Act of 1964. and 29 USC § 623(c), and 42 USC 2000(e), 14th Amendment.

d.      A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

e.      Any additional equitable relief as the Court deems proper.

192.    **Provided, the total relief awarded to Plaintiff, including but not limited to money damages, equitable relief, and attorney's fees, exclusive of interest and costs.**

## XII.

### RESPONDEAT SUPERIOR

193.    Plaintiff incorporates each of the foregoing paragraphs.

194.    Defendant is liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XIII.

### REQUEST FOR DISCLOSURE

195.    Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose and produce to Plaintiff's counsel within 50 days of the service of this request, the information or material described in Rule 194.2.

## XIV.

### JURY DEMAND

196.    Plaintiff demands a trial by jury.

## XV.

### PRAYER

197.    Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment, **exclusive of interest and costs, when including all claims and causes of action, including equitable relief**, awarding Plaintiff:

EEOC Form Disclosure with EEOC Notice of Closure and Rights (01/22)

A.    Back pay and front pay (including benefits);

B.    Compensatory damages;

C.    Punitive damages;

D.    Reasonable attorneys' fees and expert fees;

E.    Injunctive and declaratory relief, including but not limited to, an Order:

    a.    Prohibiting Defendant from engaging in unlawful discrimination;

    b.    Reinstating Plaintiff's employment with Defendant with back pay;

    c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.    Paying court costs;

    e.    A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f.    Any additional equitable relief the Court deems proper;

F.    Courts costs;

G.    Pre-judgment and post-judgment interest at the rate set by law; and

H.    All legal or equitable relief this Court deems proper.

Respectfully submitted,

*Sonya Chapman*

Sonya Chapman
1533 Honey Trail
Glenn Heights, Texas 75154
214-694-5770

Plaintiffs Amended Complaint