IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2188-D-BN |
| | § | |
| ADT LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Sonya Chapman initiated this lawsuit against Defendant ADT LLC by filing a *pro se* Motion to File Civil Claim, attaching to that motion a handwritten one-page complaint and a Determination and Notice of Rights issued by the U.S. Equal Employment Opportunity Commission on September 1, 2022. *See* Dkt. No. 2. Chapman then filed a Supplemental Initial Complaint. *See* Dkt. No. 5.

Senior United States District Judge Sidney A. Fitzwater referred this lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference. And the Court has granted Chapman leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. *See* Dkt. Nos. 3, 6.

To screen Chapman's allegations under the IFP statute, the Court entered a notice of deficiency (the NOD) that first explained to Chapman that, while the supplement she filed identifies the elements of a prime facie case of employment discrimination, "she so far has not pled a plausible prima facie case by alleging facts to support each element she concludes she meets." Dkt. No. 8 at 2. In response to the

NOD, Chapman filed an amended complaint. *See* Dkt. No. 12.

After reviewing Chapman's amended allegations, the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should dismiss Chapman's amended complaint.

## Discussion

As set out in the NOD Chapman received before filing the amended complaint,

> [u]nder Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
>
> A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*
>
> And, to survive dismissal, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).
>
> Put differently, plaintiffs, through the complaint, must provide the Court enough factual content to demonstrate an entitlement to relief. *Compare Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *with Robbins*, 519 F.3d at 1247 ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).
>
> And, because Chapman asserts claims in the employment

context, to allege (and ultimately prove) such claims, she may either rely on direct evidence or proceed under a burden-shifting analysis.

"'[D]irect evidence is rare'" – it has been defined "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Id.* (footnote omitted).

Insofar as Chapman's claims do not implicate direct evidence, she must proceed under a burden-shifting analysis, the first step of which is to articulate a prima facie case as to each cause of action.

The prima facie elements of an employment discrimination claim under Title VII are that a plaintiff

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

A plaintiff need not establish a prima facie case to survive judicial screening under Section 1915(e)(2)(B). *Cf. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of [her] claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) ("*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)).

So, under [28 U.S.C. §] 1915(e)(2)(B)(ii), the Court must ask whether Chapman has provided enough facts to allege an actionable claim of discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if she "has not pled such facts," it is "proper[ to] dismiss [the] complaint." *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Dkt. No. 8 at 2-5.

Chapman, who alleges that she "is a 54-year old female" and "person of color," Dkt. No. 12, ¶ 30, asserts multiple types of discrimination, *see, e.g.*, *id.*, ¶ 20 ("Defendants intentionally treated Plaintiff differently than her peers, who were younger, of a different race, and color than Plaintiff, male, and as implied by Defendant's actions and comments more subservient than Plaintiff."); *id.*, ¶ 97 ("Plaintiff was the only female, over age 40, and person of color terminated during training.").

And, while Chapman filed a lengthy amended complaint, that filing is limited to recitations of prima facie elements and repetitive conclusions. So it lacks facts necessary to raise Chapman's allegations of discrimination from speculative (or even conceivable) to plausible.

For example, Chapman alleges that she was treated differently than her peers or "same or similarly situated employees." *See, e.g.*, Dkt. id., ¶ 14 ("Plaintiff contends that same or similarly situated employees had questions regarding job duties, job functions, and these same employees were not ostracized, and excluded from employment during training."); *id.*, ¶ 20 ("Defendants intentionally treated Plaintiff differently than her peers, who were younger, of a different race, and color than Plaintiff, male, and as implied by Defendant's actions and comments more subservient than Plaintiff.").

But Chapman fails to provide factual content to show that she was treated worse than an employee who exhibited similar shortcomings, to raise an inference that the disparate treatment Chapman alleges was because of a protected status.

That is because "suffering some penalty in employment is not enough. For [an adverse employment action] to constitute disparate treatment, [Chapman] must have plausibly pled that [she] was treated worse than others for similar shortcomings, because of [a protected status]." *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *6 (5th Cir. Nov. 24, 2021) (per curiam) (citing *Ricci v. DeStegano*, 557 U.S. 557, 577 (2009)); *cf. id.* at *5 (To survive a Rule 12(b)(6) motion, alleged disparate treatment claims "must plausibly set out facts that the 'defendant took the adverse employment action against a plaintiff *because of* her protected status.' [That is, a] plaintiff must allege 'facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin or that [the employer] treated similarly situated employees of other races or national origin more favorably.'" (quoting *Raj*, 714 F.3d at 331; emphasis by *Raj*)).

Because Chapman was advised as to the proper pleading standards, including the need for factual specificity, prior to her filing the amended complaint, the Court should find that she has now stated her best case as to the employment discrimination claims in violation of federal statutes and dismiss those claims with prejudice. *See Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) ("Granting leave to amend … is not required if the plaintiff has already pleaded her 'best case.' A plaintiff has pleaded her best case after she is 'apprised of the insufficiency' of her complaint." (citations omitted)).

That said, the time to file objections to these findings, conclusions, and recommendation (further explained below) allows Chapman another opportunity to

explain how she would cure the deficiencies outlined above and thus show the Court that her employment discrimination claims should not be dismissed with prejudice at this time and that the Court should instead grant her leave to amend these claims again. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam).

And, insofar as Chapman's amended complaint also includes claims under state law, if the Court dismisses the employment discrimination claims with prejudice, the Court should decline to exercise supplemental jurisdiction over those claims.

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

Here, that balance favors relinquishing jurisdiction over any remaining state-law claims to allow Chapman to pursue those claims in a state forum.

## Recommendation

The Court should dismiss Plaintiff Sonya Chapman's claims of employment discrimination in violation of federal law with prejudice and decline to exercise supplemental jurisdiction over any state-law claims asserted in her amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 21, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE