# In the United States District Court for the Northern District of Texas

## Dallas Division

| | | |
|---|---|---|
| Sonya L. Chapman | § | |
|     Plaintiff | § | |
| V. | § | No. 3:23-cv-00799-K-BN |
| | § | **Jury Demand** |
| ADT LLC et seq | § | |
|     Defendant | § | |
| | § | |

## Plaintiffs Response to the Courts Findings, Conclusions, and Recommendation

### Jurisdiction and Venue

1. Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1343 (a)(4) and 28 U.S.C. Sec. 1331.

    This is an action at law and equity to redress violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 1981, declaratory and injunctive relief pursuant to 28 U.S.C. Sec. 2201 and 2202

### Discovery Plan

2. Plaintiff intends to conduct discovery in this matter under Level 1, 2, and 3 of the Texas Rules of Civil Procedure.

### Parties

3. Plaintiff Sonya L. Chapman is a citizen and resident of the United States, residing in Dallas County, Texas.

4. Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 1501 Yamato Rd. Boca Raton, Fl 33431.

### Discussion

5. As discussed in the Court's Findings, Conclusions, and Recommendation page 3 ID 222, a plaintiff need not establish a prima facie case to survive judicial screening under Section 1915(e)(2)(B). C*f. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ., 714* F.3d 322, 331 (5th Cir. 2013).

6. Plaintiff submits with this her response to the courts Findings, Conclusions, and Recommendations a Supplemental Statement of Claims to better describe actions taken by Defendants in support her cause of action for discrimination.

## A. Cause of Action-Right to Relief

7. Plaintiffs claim is Racial Discrimination pursuant but not limited to the following:

8. Plaintiff contends "Defendants" do not have a legal basis for relief, as according to 28 U.S.C. 102, and 103 "any other undertaking or promise in conflict with public policy… , shall not be enforceable in any court of the United States and shall not afford any basis for the granting of legal or equitable relief by any such court".

    Plaintiff submits this as her statement that "Defendants" intended to deprive Plaintiff of protections granted by Title VII, 42 U.S.C. 1981(a), 7th Amendment to the United States Constitution, and not as a framework to further "Defendants" scheme to deprive Plaintiff of equal employment, and to avoid responsibility for committing unlawful employment practices.

9. Title VII of the Civil Rights Act of 1964 provides for declaratory, injunctive, compensatory, and equitable relief through section 2000e-5 [Sec.706] for claims brought under section 2000e-2(m) of this title [section 703(m)].[1] 42 U.S.C 1981a(c) provides for a jury trial, and damages including but not limited to damages under 706(g) of Title VII and or 42 U.S.C 1981a(c). Plaintiff has made a demand for jury trial.

10. Plaintiff requests declaratory relief and hereby invokes an entitlement to declaratory relief.

11. Plaintiff damages include loss of wages, emotional distress, loss of enjoyment of life, pecuniary, nonpecuniary losses, and loss of consortium.

12. Plaintiff contends she is being required to plead her claim past what is required according to the Fed. R. Civ. P. 8.

13. In *Littlejohn v. City of New York No*. 14-395 (2d Cir. Aug, 3, 2015) the court held that a Title VII plaintiff satisfies a rule 8 pleading standard of "plausibility' under Iqbal simply by alleging the prima facie elements of her case.

14. Plaintiff contends she is making a good faith effort to plead a right to relief, a plausible claim for relief as ordered by the Court.

15. Plaintiff contends the seventh (7th) amendment requires factual issues be reviewed by a jury.[2]

16. Plaintiff contends deposing "Defendants" will allow her to further her statement of the differential treatment including but not limited to refusal to train, depriving Plaintiff of her promotion, making false performance review and or false disciplinary actions.

17. Plaintiff was not promoted, and discharged by Defendants due to her race and her opposing "Defendants" treatment.

18. "Defendants" did not have a formal written complaint policy. Plaintiff was unable to make a formal complaint. Plaintiff did oppose "Defendants" treatment verbally directly to the training manager Ashley Merrick, and directly to the training mentors Samuel McLaughlin, and Latoya Lunan.

19. Once Plaintiff spoke to training manager Ashley Merrick and asked about making an appeal to the decision to discharge her and she said there was not an appeal process, Plaintiff sent an email to the HR manager Bryan Brown, to ask if he could help and he said the decision to terminate Plaintiffs employment was final. (Please see Exhibit 1 email sent to Bryan Brown, and audio of conversation with Ashley Merrick submitted)

20. Plaintiff's racial characteristics how she speaks is used by "Defendants" to discharge her employment. Plaintiff's skill and or qualifications were not considered in discharging her from her employment.

21. "Defendants" decision to discharge Plaintiff from her employment because of her "language" is prejudiced treatment.

22. Defendant failed to promote, and discharged Plaintiff because of Plaintiffs race, and Plaintiff opposing actions committed by Defendants.

23. "Defendants" promoted similarly situated white employees while refusing to promote Plaintiff.

24. Plaintiff was qualified for her position, but was discharged as not being qualified.

25. "Defendants" continued to post openings for the same position for applicants with qualifications similar to Plaintiffs. (Please see attached exhibit 2).

26. Defendants continued to post job openings for the same position they discharged Plaintiff from. (Please see attached exhibit 2).

27. Plaintiff applied for a different position prior to and after her termination. Due to "Defendants" making negative false performance reviews Plaintiff was ineligible for rehire. (Please see attached exhibit 2).

**Plaintiffs Response to the Courts Findings, Conclusions, and Recommendation**

28. "Defendants" reasons for their actions were inconsistent for the differential treatment to Plaintiff and other similarly situated employees who had the same questions, but were allowed to train, be promoted, and were not discharged for doing the same thing Plaintiff did. Dkt. No. 12-3 Exhibit 5-8, pages 11-58.

29. "Defendants" first on February 8, 2022 in their verbal warning said their reason for disciplinary action was for unprofessional behavioral issues. Dkt 12-2, Exhibit 2, page 3.

30. "Defendants" then said on February 28, 2022 in their final written warning Plaintiff had made "tremendous" improvements with her behavior. Dkt 12-2, Exhibit 2, page 4.

31. "Defendants" in their final written warning on February 28, 2022 created an "Employee Plan 1" for Plaintiff to "utilize resources … , to perform this role on your own prior to graduation. Work on multitasking from chat to phone, work to ensure all workload gets handled in a timely manner". Dkt. No. 12-2, Exhibit 2, pages 4.

32. On March 4, 2022 no one in the training class was able to "perform their role prior to or after graduation including ensuring all workload gets handled in a timely manner", as shown in Dkt. No. 12-3 Exhibit 5-8, pages 11-58.

33. "Defendants" told Plaintiff she made and or passed graduation on March 4, 2022 and sent out graduation invitations please Dkt. No. 12-3 Exhibit 5 -8, pages 22-23.

34. "Defendants" never intended for Plaintiff to get her promotion and or be employed at her new role.

35. Plaintiff had to ask the trainer Latoya Lunan to recap what Plaintiff was lacking at the end of the day.

36. Plaintiff had to ask the trainer Samuel McLaughlin on February 28, 2022 the day of her final written warning to recap what Plaintiff was lacking at the end of the day, because "Defendants" were making false disciplinary actions.

37. "Defendants" falsely made it look as if Plaintiff did not want to participate in an end of the day review in their corrective action. Dkt. 12-2, Exhibit 2, page 3.

38. Similarly situated white individuals outside of Plaintiffs race were treated more favorably.

39. "Defendants" have a pattern and practice of using disciplinary actions as an unlawful employment practice.[3]

**Plaintiffs Response to the Courts Findings, Conclusions, and Recommendation**

*40.* Other similarly situated employees had questions, as shown throughout Plaintiffs complaint, please see Dkt. No. 12-3, Exhibit 8 pages 11-58 chat communication other employees asking for help. Please see Plaintiffs Supplemental Statement of Claim in Response to the Courts Findings, Conclusions, and Recommendation section *I Statement of Material Facts(11) Challenged Actions Sections A-O.*

**41.** "Defendants" targeted and singled Plaintiff out by promoting others based on their racial characteristics and denying Plaintiff a promotion based on her racial characteristics.

**42.** "Defendants" actions were outrageous and unconscionable due to their continuation coupled with the false performance review "Defendants" made.

**43.** Please see the Courts Findings, Conclusions, and Recommendation Dkt. 13 page 1 paragraph 3 line 12-14, the Court recognized Plaintiff has identified "the elements of a prima facie case of employment", "she so far has not pled a plausible prima facie case by alleging facts to support each element she concludes she meets".

**44.** Plaintiff contends she in this her response to the Courts Findings, Conclusion, and Recommendation has pled facts to support she received adverse treatment, (denial of a promotion based on her race and opposing "Defendants" treatment) which she contends is separate from wrongful termination due to Defendants dual action of discharging Plaintiff for failure to perform job duties, along with refusing to train her for her new position denying her a promotion and their ultimate decision to terminate her employment.

**45.** Plaintiff contends refusing to train her is a separate act from wrongful discharge.

**46.** Plaintiff contends she has pled facts related to her protected class status and the actions committed by "Defendants" to violate her protected class status.

**47.** Plaintiff contends she has pled facts surrounding adverse treatment in this her response to the Courts Findings, Conclusions, and Recommendation, in her Supplemental Statement of Claim in Response to the Courts Findings, Conclusions, and Recommendation.

**48.** Defendants replaced Plaintiff with someone outside of Plaintiffs race with same or similar experience and or work requirements of Defendants.

**49.** It is common knowledge that training is required for a new job position "Defendants" knew or should have known to exclude Plaintiff from training that was given to similar situated white employees was violative and or discriminatory.

**Plaintiffs Response to the Courts Findings, Conclusions, and Recommendation**

50. Plaintiff claims "Defendants" intentionally caused harm by making a false statement that she willfully abandoned her work while on the clock, implying Plaintiff stole time which Plaintiff claims defamation for such actions.

51. There is not a defense to defamation if the action is a false statement. Truth is the only defense.

52. "Defendants" by doing business in the State of Texas can receive tax credits

53. Plaintiff contends "Defendants' discharged her based on her performance and this fact is a material fact.

54. Plaintiff asks the Court to take judicial notice that "Defendants' did not controvert Plaintiffs allegations in their Motion to Dismiss.

55. Plaintiff contends the conditions of her employment were altered, and for her workplace to be found sufficiently hostile," the relevant evidence is that "the conditions of the victim's employment have been altered by the harassment". *Ramsey 286 F.3d at 268*.

56. "It is well established that under the totality of circumstances test, a single incident of harassment, if sufficiently severe could give rise to a viable Title VII claim", *Henry v. Corp Car Servs. Hous., Ltd 625 F.* Appx 697, 611-12 (5th Cir 2015) quoting EEOC v, WC &M enters., 496 F.3d 393, 400 (5th Cir. 2007) cert denied `36 S. Ct. 104 (2015).

57. "Defendants" intentionally, with malice, jointly, and severally, conspired to deprive Plaintiff of her promotion, good performance reviews, and employment.'

58. "Defendants" regularly practice this behavior as a continuing violation of prohibited employment practices. [4]

59. Plaintiff asks the court to consider the totality of the circumstances in her complaint.

    Please refer to *Plaintiffs Supplemental Statement of Claim* submitted herein; *Plaintiffs Amended Complaint* Cause No. 3:22-cv-02188-D-BN, Dkt 12 pages 2-26; and *Plaintiffs Original Petition* Cause No. 3:23-cv-00799-K Dkt. 1-1 pages 2-24 for any supporting statements Plaintiff failed to mention.

60. ***Title VII of the Civil Rights Act of 1964, Unlawful Employment Practices Sec. 42 U.S.C 2000e-1 [Section 703], et seq***

    a. It is an unlawful employment practice to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, … , or national origin; or

    *b.* to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, …, sex, or national origin.

Plaintiff made a statement describing Defendants unlawful practices in Plaintiffs compensation, terms, conditions, or privileges of employment, please see ***Plaintiffs Supplemental Statement of Claim*** submitted herein, ***Plaintiffs Amended Complaint*** Cause No. 3:22-cv-02188-D-BN, Dkt 12 pages 2-26; and ***Plaintiffs Original Petition*** Cause No. 3:23-cv-00799-K Dkt. 1-1 pages 2-24 for any supporting statements Plaintiff failed to mention.

    *c.* Training Programs:

It shall be an unlawful employment practice for any employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide apprenticeship or other training.

Plaintiff made a statement describing Defendants unlawful training employment practices, please see ***Plaintiffs Supplemental Statement of Claim*** submitted herein, ***Plaintiffs Amended Complaint*** Cause No. 3:22-cv-02188-D-BN, Dkt 12 pages 2-26; and ***Plaintiffs Original Petition*** Cause No. 3:23-cv-00799-K Dkt. 1-1 pages 2-24 for any supporting statements Plaintiff failed to mention.

**61.** *42 U.S.C 2000e-2(m)*

Impermissible consideration of race, color, religion, sex, or national origin in employment practices

Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

<u>**Plaintiff Opposed Defendants Unlawful Prohibited Practices**</u>

**Plaintiffs Response to the Courts Findings, Conclusions, and Recommendation**

### Conflict with Public Policy

62. *29 U.S.C Sec. 102* Public Policy Labor Matters Declared the individual unorganized worker is commonly helpless to exercise actual liberty of contract and to protect his freedom of labor, and thereby to obtain acceptable terms and conditions of employment, wherefore, though he should be free to decline to associate with his fellows, it is necessary that he have full freedom of association, self-organization, and designation of representatives of his own choosing to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representative or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection; therefore, the following definitions of , and limitations upon, the jurisdiction and authority of the courts of the United States are enacted.

63. *29 U.S.C Sec. 103* Non-enforceability of undertaking in conflict with public policy; plaintiff has the right to negotiate the terms. "any other undertaking or promise in conflict with the public policy declared in section 102 of this title, is declared to be contrary to the public policy of the United States, shall not be enforceable in any court of the United States and shall not afford any basis for the granting of legal or equitable relief by any such court, including specifically the following:

### B. Facts Alleging Actionable Claim of Discrimination

64. Response to courts Finding, Conclusion, and Recommendation page 4 ID 223 paragraph 4 line 1-3 cause no. 3:22-cv-2188-D-BN, "Chapman fails to provide factual content to show that she was treated worse than an employee who exhibited similar shortcomings, to raise an inference that the disparate treatment Chapman alleges was because of a protected class".

65. Plaintiff restates, because Plaintiff is (black), because she opposed hostile, prejudiced treatment committed by Defendants, Defendants failed to promote her and discharged her from her employment in retaliation for her opposing the hostile, prejudiced treatment. (Please see Plaintiffs Supplemental Statement of Claim for reference to the treatment of Defendants, to named Defendants, named Defendants capacities, and for

**Plaintiffs Response to the Courts Findings, Conclusions, and Recommendation**

reference to Plaintiffs asserted reasons Defendants actions are discriminatory because of her race.

Plaintiff asks the court to incorporate, and or refer to *Plaintiffs Supplemental Statement of Claim* submitted herein, *Plaintiffs Amended Complaint* Cause No. 3:22-cv-02188-D-BN, Dkt 12 pages 2-26; and *Plaintiffs Original Petition* Cause No. 3:23-cv-00799-K Dkt. 1-1 pages 2-24 for any supporting statements Plaintiff failed to mention.

## **Remedies Available Under Title VII**

1. Title VII covers all aspects of the employer employee relationship including but not limited to recruiting, interviewing, hiring, training, disciplining, promoting, making job assignments, providing benefits, and firing. Employers cannot make employment decision about workers based on the assumption or stereotypes that they might have about the worker's protected characteristics. Example: an employer cannot refuse to promote a female employee based on the supervisor's belief that women are not effective leaders.

2. Plaintiff contends she is entitled to relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq and all its related past history including but not limited to Sec. 2000e-2. [Section 703] stating:

    (a) Employer practices
    It shall be an unlawful employment practice for an employer –

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

    (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

    (d) Training programs

    It shall be an unlawful employment practice for any employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission

**Plaintiffs Response to the Courts Findings, Conclusions, and Recommendation**

to, or employment in, any program established to provide apprenticeship or other training.

66. Plaintiff contends according to Fed. R. Civ. Proc. 8 a pleading that states a claim for relief must contain (1) a short and plain statement of(a) the grounds for the court's jurisdiction unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statemen of the claim showing that the pleader is entitled to relief and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[5]

The court is requiring Plaintiff to explain discrimination, racism and prejudice and Plaintiff contends EEOC has already determined discrimination, and what racial prejudice is. [6]

67. Plaintiff has made a clear and concise statement of the issues complained of in this action.

68. Plaintiff made a statement of a set of detailed events of what, where, who, and when.

Plaintiff has made a statement of judicial relief sought although it may not be perfected.[7]

### Declaratory Injunctive Relief

**69. 28 U.S.C. Sec. 2201(a)**

As determined by the administering authority, any court of the United States, upon the finding of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

**28 U.S.C. Sec. 2202**

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

**Plaintiffs Response to the Courts Findings, Conclusions, and Recommendation**

*Edward B. Marks M. v. Charles K. Harris M.P 255 F. 2d 518* (2d Cir. 1958) interpreting Sec. 2202 to mean that "the further relief sought-monetary recompense-need not have been demanded, or even proved, in the original action for declaratory relief.

---

[1] Title VII of the Civil Rights Act of 1964 | U.S. Equal Employment Opportunity Commission (eeoc.gov)

[2] Kirby v. Travelers Ins. Co. 370 S.W.2d 912 (Tex. Civ. App. 1963)

[3] National Labor Relations Board-Administrative Judge Opinions 16-CA-144548 (N.L.R.B. Nov. 16, 2018)

[4] National Labor Relations Board-Administrative Judge Opinions 16-CA-144548 (N.L.R.B. Nov. 16, 2018)

[5] Rule 8. General Rules of Pleading | Federal Rules of Civil Procedure | US Law | LII / Legal Information Institute (cornell.edu)

[6] Title VII of the Civil Rights Act of 1964 | U.S. Equal Employment Opportunity Commission (eeoc.gov)

[7] 2 U.S. Code § 1311 - Rights and protections under title VII of Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, Rehabilitation Act of 1973, and title I of Americans with Disabilities Act of 1990 | U.S. Code | US Law | LII / Legal Information Institute (cornell.edu)

## Prayer

Plaintiff now prays the Court will grant her leave to proceed with her complaint and hereby objects to the Courts Findings, Conclusions, and Recommendation.

Done this 12th day of June 2023.

Sonya Chapman

Pro Se

*Sonya Chapman*

1533 Honey Trl
Glenn Heights, Texas
75154

### CERTIFICATE OF SERVICE

I, Sonya Chapman do hereby certify that I have submitted an electronic copy via the courts website and the same is made available to the Attorney for Defendant Brent Sedge at the following address; 500 N. Akard Street, Suite 3550, Dallas, Texas 75201
This 12th day of June, 2023.

**Plaintiffs Response to the Courts Findings, Conclusions, and Recommendation**