IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2188-D-BN |
| | § | |
| ADT LLC, | § | (Consolidated with: |
| | § | No. 3:23-cv-799-D-BN) |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Senior United States District Judge Sidney A. Fitzwater consolidated two lawsuits initiated *pro se* by Plaintiff Sonya Chapman – the first filed in federal court (3:22-cv-2188-D-BN (*Chapman I*)) and the second filed in state court and removed to federal court (3:23-cv-799-D-BN (*Chapman II*)) – and referred the consolidated action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 24. (All record citations are to *Chapman I* unless otherwise indicated.)

As ordered, *see* Dkt. No. 25, Chapman filed her one final (second amended) complaint in the consolidated action on August 21, 2023, *see* Dkt. No. 27.

The same day, Chapman requested leave to conduct jurisdictional discovery, *see* Dkt. No. 28, which the Court denied with prejudice and, insofar as the motion may be read as requesting merits discovery, denied without prejudice "at this time, as Chapman has not shown a basis to obtain discovery at this (the pleadings) stage of this proceeding," Dkt. No. 31.

Chapman now objects to that order and relatedly requests that her lawsuit be remanded to state court. *See* Dkt. No. 32.

And, to allow the Court to efficiently consider the denial of the discovery request under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, the undersigned construes the objection as requesting that the Court reconsider the denial of the discovery motion in light of the request for remand and enters these findings of fact, conclusions of law, and recommendation that the Court should deny reconsideration (thereby affirming the undersigned's order denying discovery) and deny the motion to remand.

## Discussion

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

As this statutory text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up).

So, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise

of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "there must be a motion to remand filed no later than 30 days after the filing of the removal notice," but, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Schacht*, 524 U.S. at 392 (citing 28 U.S.C. § 1447(c); cleaned up); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable ... the latter is not." (cleaned up)).

Applying these standards to the current request for remand, the undersigned does not understand Chapman's request as seeking to remand *Chapman I*, as she filed that lawsuit in federal court, but as seeking to remand *Chapman II*, which ADT removed on April 17, 2023. *See Chapman II*, Dkt. No. 1. So Chapman's request is untimely except insofar as she argues that original subject matter jurisdiction was lacking on April 17.

ADT removed *Chapman II* based on a federal question (under 28 U.S.C. § 1331) and diversity jurisdiction (under 28 U.S.C. § 1332). *See Chapman II*, Dkt. No. 1 at 2-3.

Taking up just the first ground for subject matter jurisdiction, Chapman expressed at the outset of her state court petition that "[t]his is an action at law and in equity to redress violations of Title VII of the Civil Rights Act of 1964," *Chapman II*, Dkt. No. 1-1, ¶ 4, and then alleged facts to show how Title VII applies to her claims,

*see id.*, ¶¶ 6-17. And, by including factual allegations that "imply the applicability of the [federal] statute" cited in the state court petition, *Harrington v. City of Shiner, Tex.*, No. 6:20-cv-00039, 2021 WL 4503013, at *5 (S.D. Tex. Sept. 30, 2021), Chapman alleged more than "the existence of a frivolous or insubstantial federal question," *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citation omitted), and thereby alleged a basis for jurisdiction under Section 1331.

ADT therefore removed *Chapman II* on April 17 based on federal-question jurisdiction under Section 1331. And Chapman's motion to remand should be denied.

For these reasons, the Court should also deny Chapman's construed request to reconsider (and thereby affirm) the undersigned's order denying jurisdictional discovery with prejudice (and denying any merits-based discovery requests without prejudice at this stage of this proceeding). *See* Dkt. Nos. 28, 31.

**Recommendation**

Considering the August 23, 2023 filing [Dkt. No. 32], the Court should deny Plaintiff Sonya Chapman's construed request to reconsider the denial of the August 21, 2023 discovery motion [Dkt. No. 28] – thereby affirming the magistrate judge's order [Dkt. No. 31] – and should deny Chapman's request for remand to state court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 25, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE