**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **Sonya L. Chapman,** *Plaintiff,* | § § | |
| | § | **Civil Action No. 3:22-cv-2188-D-BN** |
| **v.** | § | |
| | § | **(Consolidated with No. 3:23-cv-799-D-BN)** |
| **ADT LLC,** *Defendant.* | § § | |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Court should grant *Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support* ("*Motion to Dismiss*") [Doc. 39] and dismiss all causes of action alleged in *Plaintiff's Second Amended Complaint* ("*Complaint*") [ECF No. 27] with prejudice. In support, Defendant ADT LLC ("ADT") shows the following:

## I.
## PRELIMINARY STATEMENT

As a preliminary matter, Chapman's argument that ADT's *Motion to Dismiss* should be denied based on the Court's observation in its *Order of Re-Reference* [ECF No. 22] that her earlier pleadings "arguably state at least one plausible discrimination claim" is misplaced. *Order of Re-Reference* at 1. *See Response* at 6, 12, 28. The Court's order did not find that Chapman had *actually* alleged a plausible claim of discrimination—only "arguably"—and observed her pleadings "are still largely conclusory[.]" *Order of Re-Reference* at 1.

## II.
## REPLY

Chapman's *Response* fails to identify any well-pleaded facts or arguments against dismissal of her claims in the *Complaint* and thus ADT's *Motion to Dismiss* should be granted. As it has been repeatedly noted, FED. R. CIV. P. 8 does not mandate that a complaint contain detailed factual allegations, but it must allege more than mere labels and conclusions to survive dismissal under FED.

R. CIV. P. 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, a complaint must contain sufficiently specific allegations that "raise a right to relief above the speculative level[.]" *Id.* at 555. While well-pleaded allegations in a complaint must be accepted as true, the Court is not required to "accept as true a legal conclusion couched as a factual allegation" and "[t]eadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In essence, to meet *Iqbal*'s plausibility standards, Chapman's *Complaint* must plead "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Chapman's *Response* fails to provide any meaningful basis to show her *Complaint* raises any plausible claims and thus ADT's *Motion to Dismiss* should be granted.

**A. Chapman's *Complaint* fails to allege a plausible basis for her allegations of disparate treatment and retaliation.**

*i. Disparate Treatment*

Chapman's *Response* fails to identify any well-pleaded facts in her *Complaint* capable of demonstrating a plausible claim under Title VII or Chapter 21 of the Texas Labor Code. Plaintiff makes only conclusory statements that she experienced disparate treatment during her employment with Defendant—Plaintiff's *Complaint* sets forth absolutely no facts linking disparate treatment she was allegedly subjected to with a characteristic protected under Title VII or Chapter 21. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (dismissal proper where plaintiff "did not allege any facts, direct or circumstantial, that would suggest [defendant]'s actions were based on [plaintiff]'s race or national origin or that [defendant] treated similarly situated employees of other races or national origin more favorably").

While she alleges that she was the "only African American employee discharged during on-the job training for unprofessional behavior and inability to perform[,]" *Complaint* at 68, Chapman

does not identify any well-pleaded, non-conclusory allegations that show individuals outside of her protected category received more favorable treatment. *See Fields v. Kelley*, 2023 WL 6299858, at *3 (N.D. Tex. Aug. 8, 2023), *report and recommendation adopted*, 2023 WL 6300701 (N.D. Tex. Sept. 26, 2023) (noting that discrimination based on race "must allege facts, direct or circumstantial, that would suggest the employer's actions were based on the plaintiff's race or national origin or that the employer treated similarly situated employees of other races or national origin more favorably") (citations and quotation marks omitted). Chapman's *Complaint* merely lists a series of non-African American individuals who sought support—she does not allege any well-pleaded facts that show any of these individuals received more favorable treatment than she did under nearly identical circumstances (notably her unprofessional behavior and inability to perform). *See Fields*, 2023 WL 6299858, at *4 (discrimination claim failed where plaintiff "fail[ed] to plausibly show that the other manager counts as a required comparator, an individual of a different race than [plaintiff] under nearly identical circumstances who was treated more favorably") (citations and quotation marks omitted).

Similar pleading deficiencies apply to the other grounds of discrimination Chapman alleges in her *Complaint*. For example, Chapman alleges that ADT engaged in sex discrimination because she was terminated while a male employee received a promotion "while admitting to asking questions during or after training" without providing any specificity as to how the male employee was similarly situated under nearly identical circumstances. *Complaint* at 10. Moreover, Chapman's allegations that ADT "allowed all of the female training class to be promoted without incident when they had the same or similar questions and issues with the training materials"—contradict any plausible basis for sex discrimination. *Id. See Chambliss v. Entergy Corp.*, 2023 WL 7114669, at *10 (E.D. La. Oct. 27, 2023) ("[b]eing treated differently than another employee in the same

protected class does not create an inference of discrimination . . . [the] appropriate comparator requires Plaintiff to establish that a similarly situated employee not in his protected class was treated differently in nearly identical circumstances"). Chapman's age discrimination claim fails to make a plausible case of age discrimination—the *Complaint* notes "two white females over age 40" and one "white male over the age of 40" who she alleges received different treatment but not allege any well-pleaded facts regarding comparators under 40 years old who received more favorable treatment under nearly identical circumstances. *Complaint* at 10, 15.

And Chapman's hostile work environment claim fares even worse, as it is merely based on conclusory statements such as her contention that "the work environment was hostile and that the environment altered the conditions of her employment." *Complaint* at 18. The *Complaint* fails to allege any well-pleaded facts that would allow the Court to make the reasonable inference that ADT is liable for such discrimination—indeed, Chapman's allegations are merely her contentions, beliefs, or speculation. *Id.* But Chapman's subjective belief that she was discriminated against based upon her race, gender, age, or national origin is insufficient to create an inference of discrimination. *Vasquez v. Nuences Cty., Tex.*, 551 F. App'x 91, 94 (5th Cir. 2013).

Fundamentally, Chapman alleges no well-pleaded facts that link any alleged disparate treatment by ADT with her membership in a protected class. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (affirming dismissal where plaintiff "did not allege any facts, direct or circumstantial, that would suggest [defendant]'s actions were based on [plaintiff]'s race or national origin or that [defendant] treated similarly situated employees of other races or national origin more favorably").

*ii. Retaliation*

Despite asserting a claim for retaliation, Chapman's *Complaint* alleges no well-pleaded facts showing that she engaged in "protected activity" by either (1) opposing any practice made an

unlawful employment practice under Title VII or Chapter 21, or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII or Chapter 21. 42 U.S.C. § 2000e-3(a); Tex. Lab. Code § 21.055; *see also Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996). Far from complaining about unlawful conduct, Chapman's allegations in her *Complaint* focus on her disagreement with ADT's actions:

> Plaintiff did not gain the favor of Defendants during training. Plaintiff did not agree with the Defendants not allowing her to take notes during training thus singling her out. Plaintiff expressed her disagreement to not taking notes by asking to take notes when Defendants gave instructions, thus singling her out. Plaintiff did not agree with the Defendants making false negative performance reviews, thus singling her out.

*Complaint* at 18 ¶ 22. As noted previously, however, complaining about treatment without a connection to an unlawful employment practice under Title VII or Chapter 21 is simply insufficient to state claim for retaliation. *See, e.g., McKinney v. Bolivar Medical Center*, 341 Fed. App'x. 80 (5th Cir. 2009) (confirming summary judgement dismissal of retaliation claim where the plaintiff did not engage in protected activity). Importantly, Plaintiff's pleadings fail to establish the requisite causal connection between any protected activity and any adverse employment action she suffered. See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013).

Despite the argument in her *Response* that she "contends the causal connection to her treatment and ultimately her termination is linked to her opposition to the treatment based on her race, sex, and age[,]" Chapman's *Complaint* lacks any well-pleaded facts that shows ADT was even aware of Chapman's purported protected activity, thus dismissal is warranted. *See Baker v. Univ. of Tex. Sw. Med. Ctr., No. 3:19-CV-3020-K-BH, 2023 WL 4214933, at *6 (N.D. Tex. June 2, 2023), report and recommendation adopted, No. 3:19-CV-3020-K-BH, 2023 WL 4208038 (N.D. Tex. June 27, 2023)* ("at the pleading stage, a plaintiff is 'required to allege facts permitting at least an inference of her employer's knowledge of her protected conduct in order to establish the required

causal link between her conduct and the alleged retaliation'" (*quoting Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 434 (5th Cir. 2021)).

*iii. Disparate Impact*

Contrary to her assertion in the *Response*, Plaintiff's *Complaint* fails to allege any facts in connection with her purported disparate impact theory. *See, e.g.*, *Complaint at* 52 ¶ 61 (alleging in connection with her cause of action for disparate impact that she "contends Defendants knowingly, willfully, and maliciously conspired to terminate her for reason of causing her harm").

**B. Dismissal of Chapman's Constitutional, Statutory, and State Law Claims is warranted.**

*i. Constitutional Claims*

While appearing to address ADT's reasons for dismissal of her constitutional claims, Chapman appears to simply reference a claim under 42 U.S.C. § 1981 (which fails to state a claim for the same reasons identified above in connection with her Title VII/Chapter 21 claims). Chapman's *Response* fails to identify any well-pleaded facts supporting her remaining claims for "procedural and substantive Due Process rights guaranteed under the United States and Texas Constitutions" including under 42 U.S.C. § 1983 by showing ADT is a "state actor" or that any exceptions to the state action requirement apply. *See Motion to Dismiss* at 13-15. Indeed, Chapman expressly admits that she has "not provided any precedence to support her 1st amendment right to free speech, unfair advantage and unjust enrichment." *Response* at 17.

*ii. State Law Claims*

(a) Intentional Infliction of Emotional Distress

Chapman's *Response* fails to respond to ADT's argument that her claim for intentional infliction of emotional distress fails to state a claim because it is a "gap-filler" tort and the gravamen of her claim is covered by other common-law or statutory torts, such as her claims for race, age, and sex discrimination, retaliation, and defamation, among others. *See Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (citations and quotation marks omitted) (intentional

infliction of emotional distress has no application where the tortfeasor "intends to invade some other legally protected interest, even if emotional distress results"). Moreover, Chapman's *Complaint* fails to allege sufficient facts regarding the purported extreme or outrageous conduct by ADT, simply stating in a conclusory manner that ADT "repeatedly acted without regard to the conduct of [its] actions" and its "conduct was outrageous." *Complaint* at 61 ¶¶ 143-144.

(b) Negligence

Chapman's argument regarding her negligence claim in the *Response* illustrates precisely why dismissal is proper under FED. R. CIV. P. 12(b)(6): "Plaintiff asserted 'Defendants' were negligent and neglected to prevent harm." *Response* at 22. Chapman's *Complaint* does not allege any well-pleaded facts regarding ADT's duty, breach thereof, or damages proximately caused by ADT's purported negligence—the classic threadbare recitation of the elements (incomplete at that) that *Iqbal* forbids." *Iqbal*, 556 U.S. 662 at 678. *See also D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002) (elements of negligence include legal duty owed, breach thereof, and damages proximately caused because of the breach of a duty).

(c) Interference with Plaintiff's Expectancy and Unjust Enrichment

Chapman's *Response* appears to judicially admit that she cannot support her claims for interference with expectancy or unjust enrichment, thus these claims should be dismissed. *See Complaint* at 17 (Chapman's admission that "she has not provided any precedence to support her 1st amendment right to free speech, unfair advantage and unjust enrichment").

(d) Wrongful Termination/Breach of Contract

While her *Response* appears to clarify that the *Complaint*'s wrongful termination claim is based on contract, Chapman simply fails to plead sufficient allegations to overcome the presumption of at-will employment under Texas law or that ADT unequivocally indicated a definite intent to be bound to not terminate her employment except under clearly specified circumstances or conditions.

See Midland Judicial Dist. Cmty. Supervision and Corr. Dep't v. Jones, 92 S.W. 3d 486, 488 (Tex. 2002); Crow v. Rockett Special Util. Dist., 17 S.W. 3d 320, 327 (Tex. App.— Waco 2000, pet. denied) (employer's policy did not overcome at-will presumption where it did not "specifically and expressly curtail" employer's right to terminate employees).

(e) Defamation

Chapman's *Response* fails to address ADT's argument that the *Complaint* fails to state a claim for defamation because it is lacks sufficiently well-pleaded facts as to the defamatory content or publication thereof as required under Texas law. *See Mason v. Integra Peak Mgmt. Inc.*, 821 Fed. App'x. 382, 383 (5th Cir. 2020) (dismissal of defamation appropriate because, among other things, plaintiff failed to make "any plausible allegations that [the] communications were false").

## III.
## OTHER RELIEF SOUGHT BY PLAINTIFF'S *RESPONSE*

In her *Response*, Chapman requests that the Court permit her to join other parties and appears to ask the Court to strike ADT's *Motion to Dismiss*. *Response* at 6-7. Although it seems unlikely that her *Response* is the appropriate vehicle, Defendant opposes any such relief sought by Chapman. Indeed, ADT contends that Chapman has failed to make the requisite showing for relief under FED. R. CIV. P. 12(f), Rule 19, or Rule 20 and as such the relief should be denied.

## IV.
## CONCLUSION

For the forgoing reasons, the Court should grant Defendant's *Motion to Dismiss*, dismiss all claims asserted in Plaintiff's *Complaint* in their entirety with prejudice, and grant any further relief to which the Court finds Defendant is justly entitled.

Respectfully Submitted,

*/s/ Brent Sedge*
Brent Sedge
Texas Bar No. 24082120
FISHER & PHILLIPS LLP
500 North Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*bsedge@fisherphillips.com*

Stephen J. Roppolo
Texas Bar No. 00797939
FISHER & PHILLIPS LLP
910 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone: (713) 292-0150
Facsimile: (713) 292-0151
*sroppolo@fisherphillips.com*

**COUNSEL FOR DEFENDANT ADT LLC**

## CERTIFICATE OF SERVICE

In accordance with FED. R. CIV. P. 5(b), I certify that I filed *Defendant's Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint* with the Clerk for the United States District Court for the Northern District of Texas on November 2, 2023, using the Court's Electronic Case Filing system. The Court's system will send a "Notice of Electronic Filing" to all counsel of record. I further certify that I served *Defendant's Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint* on November 2, 2023, ***via email and first-class mail*** on:

Ms. Sonya Chapman (*snychpmn@gmail.com*)
1533 Honey Trail,
Glenn Heights, TX 75154

**Plaintiff (Pro se)**

*/s/ Brent Sedge*
Brent Sedge