IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2188-D |
| | § | |
| ADT LLC, | § | (Consolidated with: |
| | § | No. 3:23-cv-799-D) |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant ADT LLC filed an Agreed Motion for Referral to Magistrate Judge to Conduct Mediation. *See* No. 3:22-cv-2188-D, Dkt. No. 87 (N.D. Tex. May 23, 2025).

ADT explained that "the parties have litigated two state court lawsuits, three federal district court lawsuits, and two Fifth Circuit appeals and are no closer to resolution than they were three years ago when they started" and that, "[a]s such, the parties have conferred and now wish to mediate at the earliest possible convenience and ask the Court to refer the parties to a magistrate judge – who is someone in a high position of authority – to maximize the chances of resolution and reduce costs given Plaintiff [Sonya Chapman]'s indigency and the considerable resources ADT has already expended." *Id.* at 2.

The presiding judge in this case, Senior United States District Judge Sidney A. Fitzwater, granted the motion and "refer[red] this case to United States Magistrate Judge David L. Horan to conduct mediation," to be conducted "using the procedures that he deems appropriate in his discretion." No. 3:22-cv-2188-D, Dkt. No.

88 (N.D. Tex. May 23, 2025).

The undersigned solicited and received a Report Regarding the Parties' Availability to Mediate, *see* No. 3:22-cv-2188-D, Dkt. No. 89 (N.D. Tex. May 27, 2025); No. 3:22-cv-2188-D, Dkt. No. 90 (N.D. Tex. May 29, 2025), and then entered an Order Setting Mediation, scheduling a mediation for Tuesday, June 10, 2025, *see* No. 3:22-cv-2188-D, Dkt. No. 91 (N.D. Tex. May 29, 2025).

Earlier today, the undersigned cancelled the scheduled mediation pending further order of the Court. *See* No. 3:22-cv-2188-D, Dkt. No. 95 (N.D. Tex. June 9, 2025). And the undersigned now enters this recommendation that the Court vacate its May 23, 2025 Order granting ADT's Agreed Motion for Referral to Magistrate Judge to Conduct Mediation [No. 3:22-cv-2188-D, Dkt. No. 87 (N.D. Tex. May 23, 2025)] and referring this case to the undersigned to conduct mediation and, instead, deny the Agreed Motion for Referral to Magistrate Judge to Conduct Mediation for the reasons explained below.

**Background and Discussion**

These consolidated federal court cases in No. 3:22-cv-2188-D (N.D. Tex.) are, as ADT has explained, otherwise before the United States Court of Appeals for the Fifth Circuit in Appeal No. 24-10201. *See* No. 3:22-cv-2188-D, Dkt. No. 87 at 1 (N.D. Tex. May 23, 2025). The Court of Appeals has affirmed Judge Fitzwater's judgment dismissing Chapman's claims under federal law and the Texas Constitution with prejudice and dismissing any remaining claims under Texas common law without prejudice to Chapman's ability to pursue those claims in state court. *See* No. 3:22-cv-

2188-D, Dkt. No. 79 (N.D. Tex. Mar. 4, 2024); Appeal No. 24-10201, Dkt. Nos. 151 & 152 (5th Cir. Apr. 15, 2025).

The Court of Appeals granted Chapman an extension until May 29, 2025 to file a petition for rehearing, and Chapman filed a petition on that extended deadline. *See* Appeal No. 24-10201, Dkt. No. 168 (5th Cir. Apr. 28, 2025); Appeal No. 24-10201, Dkt. No. 180 (5th Cir. May 29, 2025).

The Court of Appeals on May 29, 2025 also issued a directive to the parties in Appeal No. 24-10201 to "inform the [Court of Appeals] this morning no later than 12:00 noon, whether mediation has been ordered and if so, how that affects this appeal." Appeal No. 24-10201, Dkt. No. 177 (5th Cir. May 29, 2025).

ADT timely filed a response that laid out the history (to that point) of its Agreed Motion for Referral to Magistrate Judge to Conduct Mediation. *See* Appeal No. 24-10201, Dkt. No. 182 at 1 (5th Cir. May 29, 2025).

And ADT explained that, while ADT "will mediate diligently and in good faith and hopes the parties can reach a reasonable settlement, there is a substantial gap between [Chapman's] most recent demand and the amount Appellee might be willing to pay" and that ADT "has been defending against [Chapman's] myriad claims for more than two and a half years in two state court actions (one of which was recently reopened upon remand), three federal court actions, and two appeals before this Court and is, therefore, anxious to reach a resolution one way or another" and "respectfully asks the Court [of Appeals] to continue considering and disposing of [Chapman's] motions in the regular course." *Id.*

There was, as ADT's filings refer to, also a third federal court case in this district. As ADT explains in its Agreed Motion for Referral to Magistrate Judge to Conduct Mediation, "immediately following [Judge Fitzwater's] dismissal [in these consolidated federal court cases in No. 3:22-cv-2188-D (N.D. Tex.)], [Chapman] filed another lawsuit in Dallas County on the same subject matter, which ADT likewise removed, and it was assigned to [United States District Judge Jane J.] Boyle (No. 3:24-cv-00917)." No. 3:22-cv-2188-D, Dkt. No. 87 at 1 (N.D. Tex. May 23, 2025). ADT reports that, "[o]n March 7, 2025, upon ADT's motion, Judge Boyle dismissed that case in a ruling identical to the Court's." *Id.* at 1-2.

Chapman appealed that decision to the United States Court of Appeals for the Fifth Circuit in Appeal No. 24-10602, but the Court of Appeals dismissed the appeal as of November 27, 2024 for want of prosecution for failure to timely pay the fee and entered its mandate the same day. *See* Appeal No. 24-10602, Dkt. No. 35 (5th Cir. Nov. 27, 2024). ADT explains in its Agreed Motion for Referral to Magistrate Judge to Conduct Mediation that the removed case in front of Judge Boyle in No. 3:24-cv-917-B-BK (N.D. Tex.) was "remanded back to state court and is now in active litigation." No. 3:22-cv-2188-D, Dkt. No. 87 at 1-2 (N.D. Tex. May 23, 2025).

As this background makes clear, other than the pending petition for rehearing before the United States Court of Appeals for the Fifth Circuit in Appeal No. 24-10201, the only active litigation between the parties is proceeding on state law claims in state court on remand, following the dismissal by the Court of Appeals of Appeal No. 24-10602 more than six months ago. The undersigned respectfully recommends

that the Court find that this matter, under these circumstances, is not an appropriate candidate for mediation or a settlement conference to be conducted by a federal judge.

## Recommendation

The undersigned respectfully recommends that the Court vacate its May 23, 2025 Order [No. 3:22-cv-2188-D, Dkt. No. 88 (N.D. Tex. May 23, 2025)], which granted ADT's Agreed Motion for Referral to Magistrate Judge to Conduct Mediation [No. 3:22-cv-2188-D, Dkt. No. 87 (N.D. Tex. May 23, 2025)] and referred this case to the undersigned United States magistrate judge to conduct mediation, and then deny the Agreed Motion for Referral to Magistrate Judge to Conduct Mediation [No. 3:22-cv-2188-D, Dkt. No. 87 (N.D. Tex. May 23, 2025)].

A copy of these findings, conclusions, and recommendations shall be served on all parties in the manner provided by law. Any party who objects must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. 636(b)(1); FED. R. CIV P. 72(b). Failure to do so will bar that party from appealing the findings and conclusions that the district court accepts or adopts, except upon the grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE